STATE *vs.* ALBERT CAMBIO.

MAY 9, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

454

See 71 R. I. 231.

CAPOTOSTO, J. In accordance with the permission heretofore granted by this court to the defendant in *State* v. *Cambio,* 71 R. I. 231, the instant case was reargued as to one question only. That question was whether the superior court had jurisdiction over the subject matter, as set forth in the defendant's plea in abatement, as distinguished from the question of that court's jurisdiction over the person of the defendant on the basis of his arrest without a warrant.

The opinion heretofore filed in this case holds that under general laws 1938, chapter 625, §68, as amended by public laws 1941, chapter 982, section 1, a police officer, who had observed the defendant operating an automobile in an erratic manner along a public highway, had the right to enter defendant's own yard adjoining his dwelling house, where he stopped the automobile, and place him under arrest without a warrant. *State* v. *Cambio,* 71 R. I. 228. As to that question reargument was denied.

The only question now before us is whether under defendant's plea in abatement, which is fully set forth in the opinion just mentioned, the superior court had jurisdiction over the subject matter, that is, a complaint and warrant charging him with a second offense of operating a motor vehicle on a public highway of this state while under the influence of intoxicating liquor. In contending that the superior court was without jurisdiction the defendant, resting entirely on the allegations in his plea, argues in substance that mere erratic driving by him was not an offense either at common law or by statute. We find no merit in this contention.

The offense charged is operating a motor vehicle on a public highway while under the influence of intoxicating liquor and not merely of driving in an erratic manner on such a highway. General laws 1938, chap. 104, §1, provides that any person who shall operate a motor vehicle upon the public highways while under the influence of intoxicating liquor shall on second conviction be punished by fine of not less than $200 and not more than $500, or by imprisonment for not less than thirty days nor more than one year, or by both such fine and imprisonment. By G. L. 1938, chap. 501, §2, a district court has jurisdiction of all crimes, offenses and misdemeanors done or committed within the district in which it is established that are punishable by a fine not exceeding $500 or by imprisonment not exceeding one year, or both. General laws 1938, chap. 630, §1, provides that every person aggrieved by the sentence of any district court may, within five days after such sentence, appeal therefrom in the manner set forth to the superior court for the county in which said district court is established. So far as material, G. L. 1938, chap. 496, §10, gives the superior court jurisdiction of such appeals as may be provided by law.

The complaint in the instant case alleges that the offense charged was committed on a public highway in the city of Warwick in Kent county. Warwick is within the jurisdiction of the district court of the fourth judicial district and the warrant, upon which this prosecution is based, was issued by the judge of the district court for that district. From a conviction in that court the defendant duly appealed to the superior court for Kent county, where he filed the plea under consideration, which plea was overruled by that court.

The facts appearing in defendant's plea in no way affect the jurisdiction of either the district court or the superior court over the subject matter of the charge. The plea nowhere avers that the defendant was *not* driving while under the influence of intoxicating liquor, nor that he was driving *only* in an erratic manner. The plea not being certain to

every intent, the state's demurrer admitted only the facts well pleaded therein and nothing more.

In substance, the plea is but a contention that if the state could prove no more than what was alleged therein, the defendant was not guilty of the charge of driving while under the influence of intoxicating liquor. This premature assumption as to what the state could or would prove by competent evidence in the trial of the case on its merits is no defense in law to the charge itself and clearly does not oust the superior court of its jurisdiction over the subject matter of that offense.

Upon consideration, we are of the opinion that the defendant has not brought to our attention any reason that causes us to change the conclusion reached by us in our original opinion in this case, which opinion is hereby affirmed.

*John H. Nolan,* Attorney General, *A. Norman LaSalle,* Asst. Atty. G., for State.

*Peter M. O'Reilly,* for defendant.